UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-23934-CIV-LENARD/GOODMAN

JENNIFER BAYER,

    Plaintiff,

v.

RELIANCE STANDARD LIFE
INSURANCE CO,

    Defendant.
_____/

## DISCOVERY HEARING ORDER

Plaintiff Jennifer Bayer filed a Notice of Hearing on July 6, 2015, setting a discovery hearing before the Undersigned to address myriad discovery issues arising from Defendant Reliance Standard Life Insurance Company's objections to interrogatories and requests for production.[1] [ECF No. 29]. The District Court has referred all discovery matters to the Undersigned. [ECF No. 7].

---

[1] Technically speaking, parties cannot file discovery motions, as the discovery procedures order [ECF Nos. 7; 30] prohibits written discovery motions. Rather, the parties are directed to place the discovery dispute on the Undersigned's discovery calendar if they are unable to resolve the discovery dispute after conferring.

The Court held a hearing on July 17, 2015 (the "Hearing") to address the issues. [ECF No. 32]. For the reasons set forth at the Hearing,[2] it is **ORDERED** and **ADJUDGED** as follows:

1) At the outset, the Undersigned rejects the premise that discovery in this Employee Retirement Income Security Act of 1974 ("ERISA") case is limited to the four corners of the administrative record. The Undersigned thus adopts the perspective on this issue articulated in *Cerrito v. Liberty Life Assurance Co.*, 209 F.R.D. 663, 664 (M.D. Fla. 2002), that, as long as Plaintiff's discovery requests are sufficiently tailored to meet the requirements of Federal Rule of Civil Procedure 26(b)(1), then the Court will allow such discovery requests and not impose a blanket rule that such requests may not go beyond the four corners of the administrative record. *See also Emery v. American Airlines, Inc.*, No. 08-22590-CIV, 2010 WL 457151, at *2 (S.D. Fla. Feb. 4, 2010) (Plaintiff's interrogatories and requests for production that "basically ask[ed] for claims manuals, procedures guidelines, and handbooks used for assessing the claim or relating to safeguards for following plan procedures and reducing bias" would "[a]ll [] assist the Court in showing whether proper procedures were followed with regard to compiling the record and as well as to determine the accuracy of Emery's claim evaluation"); *Tarigo v. Aetna Life Ins. Co.*, No. 12-21664-Civ-COOKE/Turnoff, 2012 U.S. Dist. LEXIS 183800, at *11-12 (S.D. Fla. Dec. 12, 2012) (addressing discovery in ERISA benefits

---

[2] If any party appeals this Order to the District Court, then the transcript of the hearing will need to be ordered, as it outlines the Undersigned's reasoning.

actions and ruling Plaintiff's discovery "shall proceed in conformity with the *Cerrito* factors").

2) Regarding **Interrogatory Number 19**, Defendant stated in response that there are no such documents and, as such, any dispute concerning the objection is moot.

3) Concerning **Interrogatory Number 2**, Defendant stated in response that it does not know and cannot identify any such documents with certainty, so there is no relief that the Court can provide concerning this response.

4) Concerning **Interrogatory Number 3**, Defendant shall, by July 24, 2015, provide a supplemental answer that pinpoints the Bates numbers of **all** the documents in the administrative record that answer the question.

5) Concerning **Interrogatory Number 4**, Defendant shall, by July 24, 2015, provide a supplemental answer that pinpoints the Bates numbers of **all** the documents in the administrative record that answer the question.

6) Regarding **Interrogatory Number 5**, Defendant's objection is overruled; Defendant shall, by July 24, 2015, provide a complete supplemental answer.

7) Concerning **Interrogatory Number 6**, Defendant shall, by July 24, 2015, provide a supplemental answer that pinpoints the Bates numbers of **all** the documents in the administrative record that answer the question.

8)      Plaintiff's counsel attempted to raise an issue with **Interrogatory Number 15** at the Hearing; however, any dispute over that interrogatory was not raised in the Notice of Hearing and so it was not ripe to be heard.

9)      Concerning Interrogatory Number 18, as the Undersigned noted at the Hearing, the issue would be taken under advisement in light of the competing authorities that the parties presented regarding the question of whether reserves set aside in relation to an individual's claim are discoverable. Defendant objected to Plaintiff's request for the calculation of reserves related to her claim, citing *Wilcox v. Metropolitan Life Ins. Co.*, No. CV 04-0926, 2009 WL 57053, at *3 (D. Ariz. Jan. 8, 2009) (declining to permit discovery into the reserve amounts, finding that the plaintiff provided an insufficient basis connecting the request to the structural conflict in the case).

At the outset of the Hearing, the Undersigned stated that the Court is adopting the general position of the Courts in the Eleventh Circuit, *see Cerrito*, 209 F.R.D. 663, and is allowing discovery in ERISA cases that goes beyond the four corners of the administrative record. Pursuant to this general approach, the holding in *Howard v. Hartford Life & Accident Ins. Co.*, No. 3:10-cv-192-J-34TEM, 2011 U.S. Dist. Lexis 68951, at *20-21 (M.D. Fla. June 27, 2011) (plaintiff set forth sufficient information such that the amount of reserves was deemed relevant), and the Undersigned's assessment of the issues in this specific case, the Court **overrules Defendant's objection**.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). In the Undersigned's view, Plaintiff has presented a sufficient argument that the amount of the reserves maintained for Plaintiff's claim by Defendant is relevant and discoverable.[3] As noted above, the courts of this Circuit in similar ERISA cases do permit a broader scope of discovery than other Circuits. Within that broader scope -- i.e. outside the bounds of the administrative record in the matter -- the Undersigned finds inquiry into the amount of reserves to be relevant because, as Plaintiff's counsel stated at the Hearing, the amount or calculation of reserves on Plaintiff's disability claim may show reasoning for Defendant's ultimate termination of benefits, as well as lead to numerous other relevant pieces of information, such as the date when the calculated reserve might have changed -- whether that change was made before or after a further investigation or review of Plaintiff's claim. *See Howard*, 2011 U.S. Dist. Lexis at *20-21.

Accordingly, Defendants shall, **by July 27, 2015, substantively respond to Interrogatory 18**, providing "the amount of reserve(s) set aside in relation to Plaintiff's claim and identify the corresponding time period to which the stated reserve(s) applied."

---

[3] The Undersigned **is not** making the determination that such information will ultimately prove *admissible* for use at trial or in motion practice, or that such discovery will be permitted in all ERISA cases. Instead, the ruling is only that such information is *discoverable* in this specific case.

10) Concerning **Request for Production Number 16**, Defendant's counsel must confer with Defendant and determine whether the guidelines posted on the company's intranet today are the same guidelines used from 2009 through 2013. If the guidelines are the same, then the current guidelines must be produced. If the guidelines have changed since the relevant timeframe of 2009 through 2013, then Defendant must produce the current guidelines (or the guidelines that Defendant possesses that are closest to the ones in the relevant timeframe -- from 2014 or another time that is closer to the timeframe at issue), along with an under-oath explanation of what has changed between the guidelines produced and the guidelines from 2009 through 2013. Defendant must complete this task and produce the guidelines and explanation by July 31, 2015.

**DONE AND ORDERED** in Chambers, at Miami, Florida, July 20, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Joan A. Lenard
All counsel of record